IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| RAYMOND AVILA CHING,   )<br>   )<br>   Petitioner,   )<br>v.   )<br>   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>   Respondent.   )<br>_____) | Criminal No. 1:11CR562<br>Civil Action No. 1:12CV1174 |

**MEMORANDUM OPINION**

This case is before the Court on Raymond Avila Ching's ("Petitioner") Motion to Vacate, Set Aside and/or Correct Sentence pursuant to Title 28, U.S.C. Section 2255.

From July 2006 through September 2007, the Petitioner was a member of a very large methamphetamine distribution ring. The Petitioner obtained methamphetamine from suppliers in California and Michigan for re-distribution to others. Members of the conspiracy, including the Petitioner, rented hotel rooms for that purpose and/or distributed the methamphetamine from the residences of coconspirators. The Petitioner paid for the methamphetamine using Western Union wire transfers and/or bulk cash transfers. The Petitioner and others armed themselves with firearms during their participation in this conspiracy.

1

On December 5, 2011, the Petitioner waived his right to indictment and pled guilty pursuant to a plea agreement to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. The plea agreement contained a standard cooperation provision and a downward departure provision providing that:

> The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

Defense counsel argued in its sentencing position that the Petitioner's cooperation was "extraordinary." However, the Government disagreed, asserting the following in its sentencing position paper:

> The government is currently in the process of evaluating whether or not the defendant should receive any credit for his cooperation with the government in light of the enormous difficulties he caused during his cooperation. That decision is currently ongoing and the government is not in a position to make any recommendation to the court at this time for consideration under U.S.S.G. § 5K1.1. Suffice it to say that there is a real uncertainty as to whether the defendant will, in fact, be eligible for such consideration.

The Petitioner was then sentenced on February 27, 2012 to the mandatory minimum of 120 months' imprisonment.

2

Approximately five months later, the Petitioner filed a Motion to Compel Government Filing of Rule 35(b) Motion. In his motion, the Petitioner argued that his cooperation was substantial enough to receive a reduction of his sentence and that the Government should be made to do so pursuant to Federal Rule of Criminal Procedure 35. Following his filing of this motion and the Government's response in opposition, the Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2255.

Through the filing of this Petition, the Petitioner is asking this Court to vacate his criminal conviction because he believes that his cooperation was sufficient enough to receive a sentencing reduction. However, "[i]t is well settled that whether to file a Rule 35(b) motion is a matter left to the Government's discretion." United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993); see also United States v. Tadlock, 346 Fed. App'x 977 (4th Cir. 2009). A review of this discretion is subject only to constitutional violations. See Wade v. United States, 504 U.S. 181, 185 (1992) ("[A] prosecutor's discretion when exercising that power is subject to constitutional limitations . . . .").

Petitioner's belief, that it is unfair that he did not receive a sentence reduction for his cooperation, is not a constitutional error triggering habeas relief. See, e.g., Wade,

504 U.S. at 185 (explaining that the government's exercise of discretion would violate the Constitution if the basis for its decision to forgo a sentence reduction relied on race or religion). Absent a binding obligation in the plea agreement that the government "will" move for a sentence reduction or some evidence that the government's refusal to so move was based on an unconstitutional reason, the Court may not inquire into the government's alleged failure to file such a motion. See id.; United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (holding that the plea agreement did not give rise to an enforceable promise and explicitly reserved the government's discretion). Attempting to avoid this constitutional bar, the Petitioner now couches his argument in the framework of government bad faith and ineffective assistance of counsel.

Although habeas petitioners have the burden of proof, see Garlotte v. Fordice, 515 U.S. 39, 46 (1995), the Petitioner does not point to any direct or circumstantial evidence supporting his allegation of bad faith on the part of the Government. Instead, he only alleges that "the Government was harboring a dark, dirty secret; i.e. that it considered Petitioner Ching ineligible for a downward departure based upon an arrest prior to execution of the plea agreement." However, the record makes clear that the Government did not know at the time of the plea agreement that the Government would not move for a departure.

4

For example, Government states in its sentencing position that "the government is currently in the process of evaluating whether or not the defendant should receive any credit for his cooperation with the government." This position is corroborated by the language in the plea agreement.

Further, when entering his guilty plea, the Petitioner was specifically asked by this Court if the plea agreement contained the entire understanding of what Petitioner had reached with the Government and he responded in the affirmative. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (holding that, absent extraordinary circumstances, allegations in an ineffective assistance claim "that directly contradict the petitioner's sworn statements" made at the Rule 11 hearing are "always palpably incredible and patently frivolous or false"). The Petitioner did not assert that, while the plea agreement retained the Government's discretion to move for a downward departure, the Government had actually promised to do so.

Most importantly, the Petitioner does not point to any evidence that indicates that the Government, at the time Petitioner signed the plea agreement, knew with certainty that it would not move for a downward departure at sentencing. He cannot point to such evidence because that decision was not made prior to the parties entering into the plea agreement.

Thus, it is clear from the record that the Government had not yet made the determination as to whether it would move for a departure based on Petitioner's cooperation at the time that Petitioner signed the plea agreement, or even by the time he was sentenced. The Petitioner offers nothing to refute what is clear from the record except his own unsubstantiated allegation.

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984); see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (the same principles apply to guilty pleas). Petitioner asserts that his counsel was ineffective because counsel did not "advise his client that he was ineligible for a sentencing reduction fo[r] substantial assistance based upon an arrest prior to execution of the plea agreement." However, the advice that the Petitioner believes his counsel should have given him would have been wrong. At the time the plea agreement was signed, the Petitioner was eligible for a sentencing reduction. The Government ultimately chose not to exercise its discretion to move for such reduction.

The Petitioner states that counsel instead advised him that "he was in fact eligible, and moreover likely to receive, a substantial assistance sentence reduction based upon his cooperation." According to the Petitioner, his counsel made a

6

professional judgment that he was "likely to receive" a downward departure. By the Petitioner's own admission, his counsel never promised that the Petitioner would receive a downward departure or promised him that he would. This is also consistent with the Petitioner's assertion at the plea hearing where he responded in the affirmative to the Court's inquiry as to whether "anyone made any promise or threat to induce [him] to plead guilty?" See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("Representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. Solemn declarations in open court carry a strong presumption of verity."). The fact that the Government ultimately chose not to move for a downward departure does not make the Petitioner's counsel's prediction constitutionally ineffective.

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

An appropriate Order shall issue.

/s/<br>
Claude M. Hilton<br>
United States District Judge

Alexandria, Virginia
July 24, 2013